DECISION AND JUDGMENT ENTRY
After convicting the appellant, Robert L. "Bobby" Brice, of three counts of cocaine trafficking, the Lawrence County Court of Common Pleas imposed the maximum sentence for each count and ordered the sentences served consecutively. On this appeal, the appellant raises a single assignment of error:
 The trial court erred when it sentenced appellant to maximum consecutive sentences because it failed to state the basis for its findings.
Upon reviewing the record, we find that the trial court substantially complied with its statutory duties before imposing consecutive sentences. We therefore overrule the lone assignment of error and affirm.
 I.
In June 1998, a jury found the appellant guilty of three separate counts of cocaine trafficking. Two of these offenses were fifth-degree felonies; the third offense was a fourth-degree felony because it took place in the presence of two minor children. See R.C. 2925.03 (C) (4) (a) and (b). The trial court sentenced the appellant to the maximum term for each offense: twelve months incarceration for the fifth-degree felony counts and eighteen months incarceration for the fourth-degree felony. See R.C. 2929.14 (A) (4) and (5). The appellant appealed his conviction and sentences to this court. Although we affirmed the appellant's conviction and the court's imposition of maximum prison terms, we reversed the court's order that the sentences run consecutively. State v. Brice (June 9, 1999), Lawrence App. No. 98CA24, unreported ("Brice I"). We held that the trial court failed to make the factual findings required by R.C. 2929.14 (E) (4) to support consecutive terms. Id. at 16. We remanded the case for resentencing and admonished the trial court to "make specific factual findings on the record with respect to R.C. 2929.14 (E) (4) factors if it seeks to impose consecutive prison terms." Id.
at 16-17.
Following our remand, the trial court held another sentencing hearing, where it expressly stated that it considered the factors for consecutive sentencing set forth in R.C. 2929.14 (E) (4). After "finding" that the statutory factors applied to the appellant, the trial court again imposed consecutive prison terms. Thus, the court re-sentenced the appellant to the identical forty-two month prison term it had imposed at the appellant's first sentencing hearing. The appellant then commenced a second appeal of his sentence.
 II.
On this appeal, the appellant again challenges the imposition of consecutive prison terms for his three drug offenses. The appellant argues that the forty-two month prison sentence is contrary to law because the court failed to state its reasons for imposing consecutive sentences, as required by statute. See R.C.2953.08 (A) (4) (defendant has appeal of right for sentence that is contrary to law")
Under the statutory framework of R.C. 2929.14 (E) (4), the sentencing court may not impose consecutive sentences unless it "finds" three statutory factors applicable. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14
(E) (4). Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id.
Finally, the court must find that at least one of these three factors applies to the offender:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, 2929.17, or 2929.18 * * *, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14 (E) (4) (a)-(c).
The verb "finds," as used in R.C. 2929.14 (E) (4), means that "the court must note that it engaged in the analysis" called for by the statute. See State v. Edmonson (1999), 86 Ohio St.3d 324,326.[1] Thus, before imposing consecutive sentences, the trial court must specify on the record that the reasons allowed by R.C.2929.14 (E) (4) justify consecutive rather than concurrent terms. See id. Thus, R.C. 2929.14 (E) (4) limits a trial court's discretion in imposing consecutive sentences and "is intended to limit consecutive sentencing and aid the court in pinpointing those offenders for whom longer terms of imprisonment are necessary and warranted." Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 113, Section AC 2929.14-XIV. Without this type of statutory guidance, there exists a danger that "vast disparities and grossly excessive sentences could result where multiple offenses are involved." Id. at 492, Section T7. 9.
In this case, the record shows that the court attempted to comply with Brice I by making the findings required by the statute. At the re-sentencing hearing, the court expressed the view that consecutive sentences were warranted under R.C. 2929.14
(E) (4) (b) and (c):
 And under [R.C.] 2929.14 the factors to be considered, if in fact they are to be run consecutive [sic], is to determine if the Court finds that it's necessary to protect the public from future crimes. I would so find and punish the offender which I so find and the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and I would so find. And to the danger the offender poses to the public and I would also so find.
 Under factors to consider. I would find the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the single course of conduct adequately reflects the seriousness of the offender's conduct which I so find. I would also find that the offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crimes by the offender which I would so find.
Those are the particular factors set forth by the Code.
 Based upon that I'm going to impose what the Court has found and make those consecutive as I find.
The fact that a court has made the required findings under R.C.2929.14 (E) (4), however, does not automatically render consecutive prison terms proper under the felony sentencing law. We must construe R.C. 2929.14 (E) (4) together with R.C. 2929.19
(B) (2) (c), which sets the procedure that the trial court must follow before selecting consecutive sentences. R.C. 2929.19 (B) (2) (c) requires the sentencing court to "make a finding thatgives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of theRevised Code * * *." (Emphasis added.) The requirement that a court give its reasons for selecting consecutive sentences goes above and beyond the requirement that a court make the findings required by R.C. 2929.14 (E) (4). See Edmonson, supra,86 Ohio St.3d at 326 (R.C. 2929.19[B] [2] calls for court to provide an explanation to support its findings). After a sentencing court has made the required findings under R.C. 2929.14 (E) (4), it must then undertake the "separate and distinct" task under R.C.2929.19 (B) (2) of identifying specific reasons supporting the R.C. 2929.14 (E) (4) findings before it may properly impose consecutive sentences. State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588, unreported (applying and analyzing Edmonson). Put differently, R.C. 2929.19 (B) (2) (c) demands that the sentencing court justify the findings it has made under R.C.2929.14 (E) (4). See State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported (noting that R.C. 2929.19 operates to "reinforce" R.C. 2929.14 requirement that court's choice of prison term be predicated upon specific findings). Thus, inBlair, we were forced to reverse an imposition of consecutive sentences when the trial court failed to give its reasons under R.C. 2929.19 (B) (2) (c), even though it uttered the findings required by R.C. 2929.14 (E) (4). Blair at 10.[2]
Our review of the record, including the transcripts of both sentencing hearings, reveals that the trial court substantially complied with R.C. 2929.29 (B) (2) (c). While the second proceeding and entry fail to give the specific reasons the court used in making the findings required by R.C. 2929.14 (E) (4), the court did indicate on the record that it was relying on or incorporating the "additional comments" made at the first sentencing hearing. Included in the justification for consecutive sentencing give at that time were the following reasons: (1) the appellant had a criminal history, including a drug offense for which he served a prison term; (2) the appellant suffers from a pattern of alcohol abuse which contributes to his conduct, but which he does not acknowledge; (3) the offense upon which he was being sentenced occurred in the presence of a minor. While it would have been far better for the court to reiterate the reasons for its findings contemporaneously with making them, we believe the complete record in this case allows for effective appellate review and substantially complies with the statutory mandate of R.C. 2929.19 (B) (2) (c). Moreover, we also conclude that the reasons provided by the court justify both its specific findings under R.C. 2929.14 (E) (4) and the imposition of consecutive sentences.
Nonetheless, we do not endorse the approach used here and encourage the court to strictly comply with requirements of both statutes. It would also be advisable for the court to align each rationale more specifically with the individual finding that it supports. Generally stating the reasons, without tying them to specific findings, runs the risk that the reviewing court will conclude that neither the spirit nor the letter of the law has been followed. A sentencing court should indicate by the use of specific operative facts, that it has considered and weighed the statutory factors in determining that consecutive sentences are appropriate. See State v. Volgares (May 17, 1999), Lawrence App. No. 98CA06, unreported.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _____________________ William H. Harsha, Judge
[1] In Edmonson, the Ohio Supreme Court analyzed the verb "finds" within the context of R.C. 2929.14 (B), which describes what a sentencing court must find before sentencing a first-time offender to a prison term longer than the minimum term authorized by statute. In our view, the word "finds" carries the same meaning in R.C. 2929.14 (B) as it does in R.C. 2929.14 (E) (4). See, e.g., State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588, 98CA2589, unreported (applying Edmonson definition of "finds" to R.C. 2929.14 (E) (4)); State v. Sullivan (Dec. 22, 1999), Summit App. No. 19452, unreported (same).
[2] Our opinion in Brice I suggested as much. Although we reversed the consecutive sentences because the trial court failed to satisfy R.C. 2929.14 (E) (4), we also reminded the court that it "must make certain findings and give its reasons for selecting consecutive sentences." Brice I, supra, at 15 (emphasis added), citing R.C. 2929.19 (B) (2) (c). We also observed that the trial court's findings at the first sentencing hearing "fail[ed] to satisfy the requirements set forth in R.C. 2929.14 (E) (4) and
R.C. 2929.19." Id. at 16 (emphasis added).
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.